Hand-Delivered

FILED
CHARLOTTE, NC

OCT 2 2 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Charlotte Division

EBONY SHERISSE LUCAS
Plaintiff,

3:25-cv-832-KDB

v.

McDowell Quail, LLC
The Dwell at Carmel Apartments
Pegasus Residential, LLC
McCann Realty Partners, LLC
Hamilton Bay Apartments
Hamiltons Bay Condominium Association, Inc.
NACAM Management LLC, a South Carolina Domestic Limited-Liability Company
Arra Victoria Nelsen, individually, registered agent and property manager for Hamiltons Bay Condominiums
National Credit Systems, Inc.
The Law Office of Brett M. Borland, P.C.
Attorney James Raye
TransUnion LLC
Experian Information Solutions, Inc.
Equifax Information Services, LLC,
Defendants.

**Jury Trial Demanded**

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff brings this action for damages and injunctive relief arising from Defendants' fraudulent reporting of false debts and violations of federal statutes, including:

    o Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

    o Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

    o Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

    o Wire Fraud, 18 U.S.C. § 1343

    o Civil RICO, 18 U.S.C. § 1962
    o Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030

    o Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. §§ 6801–6809

- o Privacy Act of 1974, 5 U.S.C. § 552a

- 2. Plaintiff also asserts North Carolina and South Carolina state law claims, including:

    - o North Carolina Unfair and Deceptive Trade Practices Act (NC UDTPA)

    - o South Carolina Intrusion Upon Seclusion

    - o Fraud, constructive fraud, breach of contract, and unjust enrichment

- 3. Plaintiff, a consumer, was falsely accused of debts she never owed, assessed unlawful fees by property owners, property managers, and a homeowners association, and had these debts transmitted to third-party debt collectors and published to national credit bureaus.

- 4. Despite disputes and documentary evidence, the false debts remained on Plaintiff's credit reports for over three years, causing denial of housing, threats of eviction, homelessness, and bankruptcy.

## II. JURISDICTION AND VENUE

- 5. Jurisdiction is proper under **28 U.S.C. § 1331 (Federal Question Jurisdiction)** because Plaintiff brings claims under federal statutes, including the FCRA, TILA, FDCPA, Wire Fraud, Civil RICO, CFAA, GLBA, and the Privacy Act.

- 6. This Court has **supplemental jurisdiction under 28 U.S.C. § 1367** for state law claims, including NC UDTPA and SC intrusion upon seclusion.

- 7. Venue is proper under **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants transact business here.

## III. PARTIES

- 8. Plaintiff Ebony Sherisse Lucas is a natural person residing in Charlotte, North Carolina.

- 9. Defendant McDowell Quail, LLC was the original owner of The Dwell at Carmel Apartments during Plaintiff's lease term.

- 10. Defendant The Dwell at Carmel Apartments is the apartment complex leased by Plaintiff. 11. Defendant Pegasus Residential, LLC managed The Dwell at Carmel Apartments during Plaintiff's tenancy.

- 12. Defendant McCann Realty Partners, LLC purchased the property from McDowell Quail, LLC and assumed the prior debts under the Securities and Exchange Act.

- 13. Defendant Hamilton Bay Apartments assessed unauthorized move-out fees against Plaintiff. 14. Defendant Hamiltons Bay Condominium Association, Inc. assessed unauthorized HOA fees.

- 15. Defendant NACAM Management LLC manages Hamiltons Bay Apartments and Hamiltons Bay Condominium Association and oversaw the assessment, collection, and reporting of alleged debts.

16. Defendant Arra Victoria Nelsen, individually, acting beyond her registered agent duties as property manager, personally generated debt calculations and sent them to debt collectors.

17. Defendant National Credit Systems, Inc. (NCS) is a debt collector and furnisher of credit information.

18. Defendants The Law Office of Brett M. Borland, P.C. and Attorney James Raye are debt collectors and furnishers of credit information.

19. Defendants TransUnion, Experian, and Equifax are consumer reporting agencies as defined by the FCRA.

## IV. FACTUAL ALLEGATIONS

### A. The Dwell at Carmel Apartments

20. Plaintiff leased an apartment at The Dwell at Carmel Apartments on June 26, 2022.

21. Plaintiff vacated the apartment in October 2022.

22. At move-out, Plaintiff was awarded $2,500 in credits, leaving a balance of approximately $1,600.

23. On February 23, 2023, the property manager confirmed the balance and transfer to NCS.

24. Despite this, Defendants reported a false inflated balance of $3,898.56 to NCS, the Law Office of Brett M. Borland, and the Credit Bureaus.

25. The plaintiff disputed the debt with NCS and the Credit Bureaus, yet it remained on her credit reports for over three years and was eventually discharged only through bankruptcy.

### B. Hamiltons Bay Condominiums / NACAM Management LLC / Arra Victoria Nelsen

26. Between Jan 26, 2021 and May 16, 2022, Arra Victoria Nelsen, acting individually and as registered agent and property manager, engaged in management and debt assessment activities.

27. On Jan 28, 2021, Nelsen emailed Plaintiff confirming sufficiency of application documents (Exhibit A).

28. On May 16–19, 2022, Nelsen sent correspondence regarding a rent payment error and confirmed eviction would be stopped upon payment (Exhibit B).

29. In June 2022, Nelsen generated a move-out balance sheet listing "HOA Fees" of $178.13 and sent it to NCS (Exhibit C).

30. On May 5, 2025, NCS sent Plaintiff a copy of the alleged move-out calculations revealing the unauthorized HOA fees.

31. Plaintiff never signed a contract agreeing to HOA membership or fees.

32. NACAM Management LLC, Arra Nelsen, NCS, and the Law Office of Brett M. Borland transmitted these false debts and engaged in improper collections, including retransfers of the account between parties without notice (**Exhibit D**).

## V. EXHIBITS

- **Exhibit A** – Jan 28, 2021 Email from Arra Victoria Nelsen

- **Exhibit B** – May 16–19, 2022 Email Correspondence (Rent Payment / Eviction)

- **Exhibit C** – June 2022 Move-Out Balance Sheet listing unauthorized HOA Fees

- **Exhibit D** – NCS Debt Collection Correspondence and Audio Evidence

- **Exhibit E** – Plaintiff's Disputes with NCS and Credit Bureaus

- **Exhibit F** – Credit Reports demonstrating continued reporting

- **Exhibit G** – Bankruptcy Documentation confirming debt discharge

- **Exhibit H** – Additional Correspondence from Law Office of Brett M. Borland

## VI. CLAIMS FOR RELIEF

### Count I – FDCPA, 15 U.S.C. § 1692 et seq.
33. Defendants used unfair, deceptive, and unlawful collection practices.

### Count II – FCRA, 15 U.S.C. § 1681 et seq.
34. Defendants furnished and failed to correct false credit information.

### Count III – TILA, 15 U.S.C. § 1601 et seq.
35. Defendants disclosed unauthorized debts without consent.

### Count IV – Wire Fraud, 18 U.S.C. § 1343
36. Defendants transmitted false financial information electronically.

### Count V – Civil RICO, 18 U.S.C. § 1962
37. Defendants, through multiple entities and officers (including Nelsen, NACAM Management, NCS, and Law Office of Brett M. Borland), engaged in a pattern of racketeering activity, including:

- Filing false debt reports with credit bureaus

- Transferring disputed accounts between debt collectors

- Attempting collection of debts Plaintiff never owed

- Generating fraudulent balance sheets through computer systems (**CFAA violation**)

- Sending false debt statements electronically (**Wire Fraud**)

38. These actions constitute multiple predicate acts under 18 U.S.C. §§ 1341, 1343, 1951, 1956 over a period exceeding one year, establishing a pattern of racketeering activity.

### Count VI – CFAA, 18 U.S.C. § 1030
39. Nelsen and NACAM Management accessed computer systems to generate and transmit false financial information.

### Count VII – GLBA, 15 U.S.C. §§ 6801–6809
40. Defendants failed to safeguard nonpublic financial information.

### Count VIII – Privacy Act, 5 U.S.C. § 552a
41. Defendants disclosed false personal financial information.

### Count IX – State Law Claims
42. Fraud, constructive fraud, breach of contract, unjust enrichment, NC UDTPA, and SC intrusion upon seclusion.

## VII. DAMAGES

43. Plaintiff seeks:

- Actual damages: financial loss, emotional distress, homelessness, and bankruptcy

- Statutory damages under FCRA, FDCPA, and TILA

- Punitive damages for willful misconduct

- Restitution and disgorgement under unjust enrichment

- Costs, interest, and attorney's fees

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

44. Enter judgment against Defendants jointly and severally;

45. Award actual, statutory, and punitive damages;

46. Order deletion of false accounts and correction of records;

47. Award costs, interest, and attorney's fees;

48. Grant such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

EBONY SHERISSE LUCAS (s)
9301 Westbury Woods Drive Apt A
Charlotte, NC 28277
Pro Se Plaintiff