**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **EBONY SHERISSE LUCAS,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. 3:25-CV-00832-KDB-DCK** |
| **THE DWELL AT CARMEL APARTMENTS ET AL.,** | |
| **Defendants.** | |
| **EBONY SHERISSE LUCAS,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. 3:26-CV-00090-KDB-DCK** |
| **REGIONAL ACCEPTANCE CORPORATION ET AL.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**THESE MATTERS** are before the Court on Plaintiff's Motion for Recusal (Doc. No. 24) and Motion for Recusal and Motion to Disqualify Judge (Doc. No. 29) in Civil Action No. 3:25-CV-00832-KDB-DCK ("Carmel Apartments") and Motion for Recusal and Disqualification of Judge in Civil Action No. 3:26-CV-00090 ("Regional Acceptance Corp.") (Doc. No. 11). The Court has carefully considered these motions, including Plaintiff's briefs and supporting submissions. The Court has consolidated its review and ruling on the motions based on the

1

similarity of the motions, Plaintiff's supporting arguments and the relief requested. For the reasons discussed below, the Court will **DENY** all the motions.

Plaintiff's motions seek the recusal of the Honorable Kenneth D. Bell from both actions pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. Together with her motions for recusal in Carmel Apartments, Plaintiff filed an Affidavit of Bias and Prejudice in Support of Recusal and Affidavit in Support of Motion for Recusal under 28 U.S.C. § 144. Doc. Nos. 24-1, 29-1. No affidavit has been filed in Regional Acceptance Corp. Section 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

To serve as a basis for recusal under § 144, affidavits must be both "timely and sufficient." *Sine v. Loc. No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914–15 (4th Cir. 1989). To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case. *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984). Further, a judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged. *Sine*, 882 F.2d at 914. In doing so, it is equally his duty, however, to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient. *Id.*

The Court finds that Plaintiff's Section 144 affidavits are legally insufficient. They do not allege that the challenged judge has a personal bias unrelated to his experience with Plaintiff's cases in this Court. Indeed, the affidavits do not allege that the judge has any connection to the

Parties or claims that might establish personal bias other than through his rulings. Therefore, the Court must deny the Motions for Recusal based on 28 U.S.C. § 144 in Carmel Apartments and in Regional Acceptance Corp., where no § 144 affidavit has been filed.

Also, under 28 U.S.C. §§ 455, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Tallant v. Tallant*, No. 520CV00129KDBDCK, 2020 WL 6813227, at *3 (W.D.N.C. Oct. 14, 2020), citing *Nicholas v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Section 455(a) provides that disqualification is necessary "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge "shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Section 455 does not demand recusal because of "unsupported, irrational, or highly tenuous speculation" because that would result in litigants "exercise[ing] a negative veto over the assignment of judges." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). The standard for disqualification under section 455 is "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). As the Supreme Court has explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) ("[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'" (quoting *Liteky*, 510 U.S. at 555)).

Plaintiff has not alleged any grounds for recusal beyond her dissatisfaction with the Court's rulings in these or other matters that have come before the challenged judge. Again, Plaintiff does not, and cannot, point to any extrajudicial source of disqualifying bias and prejudice, nor can she point to any evidence that this Court has "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, Plaintiff has not shown that a reasonable person, with full knowledge of all the circumstances, would harbor doubts about this Court's impartiality. *Tallant*, 2020 WL 6813227, at *3, citing *United States v. Allen*, 587 F.3d 246, 252-53 (5th Cir. 2009). Accordingly, Plaintiff's motions for recusal will be denied.

## ORDER

### NOW THEREFORE IT IS ORDERED THAT:

1. Plaintiff's Motion for Recusal (Doc. No. 24) and Motion for Recusal and Motion to Disqualify Judge (Doc. No. 29) in Civil Action No. 3:25-CV-00832-KDB-DCK are **DENIED**; and

2. Plaintiff's Motion for Recusal and Disqualification of Judge in Civil Action No. 3:26-CV-00090 (Doc. No. 11) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED.**

Signed: April 30, 2026

Kenneth D. Bell
United States District Judge